[Crim. No. 4914. Second Dist., Div. One. May 7, 1953.]

THE PEOPLE, Respondent v. ALJUAN HALLER, Appellant.

William Herbert Hall for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment.

Defendant was adjudged guilty by a jury of violating section 11500 of the Health and Safety Code; unlawful possession of marijuana. It is contended on appeal that the evidence is insufficient to support the verdict and that the court erred in refusing to give a certain requested instruction.

The respondent's brief, referring to the evidence, recites the following:

"Patrick C. Gomez, Police Officer for the City of Santa Monica, had occasion to go to Marine and Main Streets in that City, Friday night, March 14, 1952. Prior to going to this location he received a telephone call from a person he believed to be one Francisco. Officer Gomez went to the aforesaid location at about 9:50 p.m. He observed an automobile, a two-tone Pontiac, crossing Main Street and driving into a gas station, from his location across the street. He noted more than one person in the automobile, which stopped in the parking area in the back of the service station. A building interfered with Officer Gomez's view. He walked across the street and as he came around the building he met defendant. The officer recognized the automobile as being of a similar type as that owned by defendant. When the officer first observed defendant the latter was about 10 feet from the automobile and was walking toward the sidewalk. The officer stopped defendant, 'grabbed his wrists and looked at his hands and asked him to keep his hands out of his pockets, and I searched his back pocket, at which time he put both of his hands in his front pants pockets.' Officer Gomez asked defendant to remove his hands from his pockets. Defendant raised them up 'and he had them clenched as if in a fist, and I (the officer) immediately grabbed hold of his wrists again, and upon opening his hands, I found 14 brown wrapped cigarettes in his left hand.' Officer Gomez asked defendant what he was doing with the cigarettes and defendant, whose statements were made freely and voluntarily, stated that he was holding them for a friend.''

The foregoing was corroborated by other witnesses. That the evidence was sufficient to support the verdict there can be no question.

With regard to the court's failure to give a certain instruction appellant argues, quoting from the brief,

"The Court gave the following instruction concerning possession:

" 'Within the meaning of the law, a person is in possession

of a narcotic when it is under his dominion and control, and, to his knowledge, either is carried on his person or is in his presence and custody, or, if not on his person or in his presence, the possession thereof is immediate, accessible and exclusive to him.'

''By the foregoing instruction appellant's defense that although he had in his possession the contraband, it did not belong to him, was precluded from consideration by the jury. In a close case such as the instant one, the only means by which appellant's defense could have been placed before the jury was by the requested CAL-JIC instruction 72-C concerning specific intent.''

The requested instruction referred to does not appear in the record or appellant's brief. Inasmuch as appellant ignored the rules on appeal the above quoted argument could also be ignored but, inasmuch as respondent's brief supplies the necessary information, it may be noted that the court fully instructed the jury on all valid issues.

No prejudicial errors appear in the record. The judgment is affirmed.

White, P. J., concurred.